**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to the Cases Identified on Exhibit A | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE THE COURT'S MAY 4, 2022 ORDER OF DISMISSAL AND REINSTATE PLAINTIFFS' ACTION TO THE ACTIVE OR ADMINSTRATIVE DOCKETS**

I.   **Introduction**

On May 4, 2022, this Court entered an Order dismissing each of the cases listed on Exhibit A to this Motion for failure to cure census form deficiencies. *See* Case No: 7:21-cv-57728 [Dkt. 5]. There are two primary issues with this Order. First, because April 24, 2022 fell on Sunday, the true deadline to cure Plaintiffs' deficiencies was April 25, 2022, which Plaintiffs met. Second, Plaintiffs met that deadline using Addendum A, which they were specifically instructed to do by Brown Greer. For the reasons set forth herein, and particularly because the Court's Order was based upon a miscommunication, in so much as Plaintiffs did timely cure their census form deficiencies, Plaintiffs respectfully move this Court pursuant to Rule 60(b) to vacate its May 4, 2022 Order of Dismissal.

## II.     Procedural Background

As part of the census process, Plaintiffs' Counsel, Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO"), confirmed with Brown Greer that the Addendum A Forms should be used to cure census form deficiencies. *See* Exhibit B (4.15.2022 Email re: Limited Scope Deficiencies). Following that guidance, the deficiencies were cured for the relevant cases on April 15, April 18, and April 25. Notably, on April 21, 2022, before the last AWKO submission, Brown Greer provided AWKO the cure status of deficiencies. Several cases that AWKO had already submitted on the Addendum A Forms were listed as "still deficient." Upon investigation, AWKO discovered that most of those listed as "still deficient" were contractors/civilians.

Pursuant to Brown Greer's previous guidance, AWKO resubmitted the Addendum A Forms for all remaining curable deficiencies on April 25, 2022. AWKO resubmitted Addendum A Forms on April 25, 2022 in compliance with the 10-day deadline starting from the Court's April 14, 2022 Order. ECF No. 2990. Because ten days from the date of that Order, April 24, 2022, fell on a Sunday, the correct deadline was April 25, 2022, which was the date on which AWKO resubmitted the Addendum A for all remaining curable deficiencies.

Further, on April 28, 2022, AWKO received a response from Brown Greer that directly contradicted their previous guidance, stating Addendum A Forms could not be used to cure deficiencies for contractors/civilians. Following that email,

AWKO tried to cure the deficiencies once again by resubmitting the entire census form for each of these clients on April 29, 2022, but AWKO was advised by Brown Greer that these would be considered untimely. *See* Exhibit C (4.28.22 Email Re: In Re: 3M Combat Arms Earplugs – Census Deficiencies).

Because AWKO timely submitted a census questionnaire on Plaintiffs' behalf and cured their deficiencies pursuant to the instructions by Brown Greer by the April 25, 2022 deadline, Plaintiffs cases should not have been dismissed.

### III. Legal Argument

#### A. The Court's Order Should be Vacated Due to Mistake.

Pursuant to Federal Rule of Civil Procedure 60(b)(1), a Court may relieve a party from a final judgment, order or proceeding due to "mistake, inadvertence, surprise or excusable neglect." *See also Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Rule 60(b) Motions "are directed to the sound discretion of the district court." *Ryan v. Allstate Ins. Co.*, No. 19-61120-CIV, 2020 WL 7353898, at *3 (S.D. Fla. Dec. 15, 2020).

Here, Plaintiff respectfully requests that the Court vacate its Order of Dismissal because it was issued due to mistake. Specifically, it was issued because of the mistake Brown Greer made by instructing AWKO that the census form deficiencies could be cured by submitting Addendum A Forms for contractors/civilians. Had Brown Greer informed AWKO of the correct way to cure

these deficiencies, AWKO would have resubmitted the entire census form for each of these clients by April 25, 2022. In other words, Plaintiffs should not be punished for a mistake made by Brown Greer. Therefore, the dismissal should be vacated based upon inaccurate information provided by Brown Greer. To this end and contrary to the finding in the Court's Order of Dismissal, Plaintiffs have complied with the Court's prior Orders. Accordingly, because Plaintiffs desire to continue prosecuting these action and because they have complied with this Court's Orders, Plaintiffs respectfully request that the Court's Order of Dismissal be vacated and these cases reinstated to the Active or Administrative Docket.

### B. The Court's Order Should be Vacated for Reasons that Justify Relief.

Alternatively, Plaintiffs request relief from the Court's Order pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that a Court may relieve a party from a final judgment, order or proceeding due to "any other reason that justifies relief." Here, good cause exists, as demonstrated above, to support the relief requested herein, and Plaintiffs would be severely prejudiced if the Court's Order were not vacated. To date, Plaintiffs have demonstrated their willingness to prosecute these action by complying with all deadlines, including the timely submission of Addendum A Forms, as directed by Brown Greer, in addition to following up with Brown Greer for the resubmission of the entire census form for each of these clients.

4

Plaintiffs' desire to prosecute these actions is further demonstrated by the timeliness of the filing of the present motion which is only two days after the Court issued its Order of Dismissal. Accordingly, because the reasons set forth herein support that Plaintiffs should be allowed to continue with their claims, Plaintiffs respectfully request that the Court's Order of Dismissal be vacated and each of the cases listed on Exhibit A to this Motion be reinstated to the Active or Administrative Dockets.

## IV. Conclusion

For the reasons discussed above, Plaintiffs respectfully request that this Court (1) grant Plaintiffs' motion to vacate; (2) reinstate Plaintiffs' actions to the Active or Administrative Dockets and (3) grant such other and further relief the Court deems just and appropriate under the circumstances.

Dated: May 6, 2022					Respectfully submitted,

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
baylstock@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Plaintiffs certifies that this memorandum contains 959 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated: May 6, 2022　　　　　　　　　/s/ *Bryan F. Aylstock*
　　　　　　　　　　　　　　　　　　Bryan F. Aylstock

## CERTIFICATE OF SERVICE

I do hereby certify that on this 6th day of May, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system.

　　　　　　　　　　　　　　　　　　/s/ *Bryan F. Aylstock*
　　　　　　　　　　　　　　　　　　Bryan F. Aylstock